UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MCCREARY,

    Petitioner,                                          Case No. 23-cv-12196
                                                                  Hon. Matthew F. Leitman

v.

MELINDA BRAMAN,

    Respondent,
_____/

### ORDER (1) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) STAYING CASE, AND (3) TERMINATING WITHOUT PREJUDICE PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (ECF No. 2)

Petitioner James McCreary is a state inmate incarcerated at the Handlon Correctional Facility in Ionia, Michigan. On August 25, 2023, McCreary filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) By his own admission, McCreary has not yet exhausted his sixth claim with the state courts. (*See id.*)

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011). However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result

1

in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court believes that such a stay is appropriate here while McCreary attempts to exhaust his sixth claim in state court. Accordingly, the Court **HOLDS** McCreary's petition in abeyance and **STAYS** all proceedings in this action until further order of the Court. This stay is conditioned upon McCreary exhausting his sixth claim in the state courts by filing a motion for relief from judgment in the state trial court raising that claim within **ninety (90) days** of the date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies McCreary's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on McCreary's return to this Court with a motion to re-open the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If McCreary fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s).

*See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).[1]

Finally, McCreary has filed a motion for an evidentiary hearing. (*See* Mot., ECF No. 2.) Because the Court is holding this action in abeyance while McCreary returns to state court, it **TERMINATES** McCreary's motion for an evidentiary hearing **WITHOUT PREJUDICE**. McCreary may re-file the motion, if appropriate, when he returns to federal court.

Dated: September 13, 2023

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[1] The Court notes that McCreary has also not either paid the required $5.00 filing fee in this action or filed an application to proceed *in forma pauperis*. When McCreary returns to the federal court after exhausting his sixth claim in state court, he shall either pay either the $5.00 filing fee or submit an application to proceed *in forma pauperis* at that time.

3